CARMELA BALTAZAR, individually, and
as the class representative of others
similarly situated,

       Plaintiff,

vs.

8:17 cv 304 T 23 TGM

JANKI HOSPITALITY INC.,
a domestic corporation, and

MUKUND D. PATEL,

       Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, CARMELA BALTAZAR, individually, and as class representative of others

similarly situated (herein after referred to as "Baltazar"), by and through her undersigned counsel,

sues JANKI HOSPITALITY INC., a Florida corporation, and MUKUND D. PATEL, individually

(collectively referred to as "Defendants") for violations of the overtime provisions of the Fair

Labor Standards Act ("FLSA") 29 USC § 207 and states as follows:

### PRELIMINARY STATEMENT

1.    The Plaintiff brings this action for violations of the FLSA §207 for failure to pay

overtime compensation.

2.    Defendants unlawfully misclassified Plaintiff Baltazar as an exempt employee to

avoid compensating her for time worked in excess of forty (40) hours per week.

3. Defendants failed to pay Plaintiff in accordance with the FLSA. Specifically, Plaintiff was not paid time and a half of his regular rate of pay for all hours worked in excess of forty (40) hours per week.

4. In this pleading, "Defendants", means the named Defendants, JANKI HOSPITALITY INC., a domestic corporation, and MUKUND D. PATEL, a individually, and other corporation, organization or entity responsible for the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

5. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 USC §§ 1331 and 1337 and 29 USC § 216(b) because this action involves a federal question under the Fair Labor Standards Act.

7. The Court has supplemental jurisdiction with respect to claims arising under state law pursuant to 28 USC § 1367.

8. Venue is proper in the District Court because Defendants operate substantial business in Pinellas County, Florida. Furthermore, the damages complained of occurred in Pinellas County at the Defendants' place of business is located in Clearwater, Florida.

9. Plaintiff is a resident of Pinellas County, Florida, and was employed by Defendants as a housekeeper/ maid from approximately March of 2014 until present.

10. At all times relevant to this action, Plaintiff has been an employee within the meaning of 29 USC § 203(e)(I).

11.    Defendant, MUKUND D. PATEL is a Florida resident and/or individual who conducts business in the State of Florida. He is the sole officer of JANKI HOSPITALITY, INC. He created and directed the pay practices and controlled and directed the work of Plaintiff. MUKUND D. PATEL is also an officer and manager of Defendant, JANKI HOSPITALITY, INC., thus making him an employer within the meaning of the FLSA. See In Re: Van Diepen, P.A., 236 F. App'x 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

12.    The FLSA defines "employer" as any "person" acting directly or indirectly in the interests of an employer in relation to an employee. 29 USC § 203(d). See also Boucher v. Shaw, 572 Fed. 3d 1087, 1090 (9th Cir. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common law concept of "employer", but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

13.    Defendant, of JANKI HOSPITALITY, INC., is a Florida Corporation with its principal address at 11333 US Hwy. 19 N., Clearwater, FL 33764 and may be served through its registered agent for service of process, MUKUND D. PATEL, at his stated address at 11333 US Hwy. 19 N., Clearwater, FL 33764

14.    At all times material hereto, JANKI HOSPITALITY, INC. was an "enterprise engaged in commerce" within the meaning of the FLSA.

15.    At all times material hereto, JANKI HOSPITALITY, INC. was the "employer" of Plaintiff within the meaning of the FLSA, 29 USC § 203.

16.    This action is brought under the FLSA to recover from Defendants unpaid overtime wages, monies due and owing, liquidated damages, and reasonable attorneys' fees and costs.

17.    All conditions precedent to the filing of this action have been performed.

## GENERAL ALLEGATIONS

18.     Plaintiff Baltazar was employed by Defendants as a housekeeper/maid from approximately March 2014 until present.

19.     Plaintiff's job duties as a housekeeper/maid included cleaning rooms, laundry service, light maintenance, and all other activities so directed by JANKI HOSPITALITY, INC. and its officers and agents.

20.     Plaintiff was provided with a list of rooms to clean and tasks to perform by JANKI HOSPITALITY, INC.

21.     At all times relevant, Plaintiff was supervised by JANKI HOSPITALITY, INC., officers, and agents and did not have the right to independent operations or decision making.

22.     Plaintiff worked in excess of 40 hours per week but did not receive overtime compensation.

23.     Defendants further agreed to increase pay for Plaintiff, although failed to honor their obligation to pay her consistently with the agreement.

24.     Defendants' failure to properly pay Plaintiff was a willful violation of the FLSA.

25.     Defendants have no good faith basis for failing to pay Plaintiff appropriately nor for failing to pay the appropriate overtime.

26.     Defendants, as business owners, are fully aware of the minimum hourly pay, overtime, and classification of individuals performing work for the Defendants.

27.     Plaintiff does not have the authority to hire, fire, or discipline other employees.

28.     Plaintiff is a non-exempt employee whose duties dictate the same; her job duties do not involve the use of discretion in the performance of her job.

29.     Plaintiff's position is subject to the FLSA wage provisions.

30. Plaintiff often worked more than 8 hour days for 6 days a week. Plaintiff worked overtime hours consistently throughout her employment and was not properly compensated.

31. Defendants compensated Baltazar at a rate of $8.50 per hour.

32. Plaintiff was provided a mixed compensation plan by Defendants to avoid compensating her for overtime hours worked in excess of forty (40) hours per work week.

33. Plaintiff complained to Defendants regarding their unlawful pay practices.

34. After being advised by Plaintiff of the unlawful pay practices, Defendants advised that they would alter their practice and comply with FLSA, but failed to do so repeatedly.

35. Plaintiff continues to work for Defendant under compensation terms prohibited by the FLSA.

## COUNT 1
## VIOLATION OF OVERTIME PROVISIONS OF THE FLSA (§ 207)

36. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraph 1 through 35 as if fully set forth herein.

37. Plaintiff was an employee of Defendant within the meaning of 29 USC § 203(e)(1).

38. Defendants are an employer within the meaning of 29 USC § 203(d).

39. The overtime wage provisions set forth in FLSA § 207 apply to Defendants, which engaged in commerce under the definition of the FLSA.

40. During the relevant time period, Plaintiff was not paid overtime compensation for all hours worked in excess of forty (40) per week.

41. During the relevant time period, Defendants required Plaintiff, a non-exempt employee under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

42.     Defendants are, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiff constituted a willful violation of the FLSA.

43.     Therefore, Defendants willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) hours per week.

44.     Defendants cannot show in good faith reliance upon any factor or law for misclassifying Plaintiff as an independent contractor.

45.     Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendants.   If these records are unavailable, Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer.   See Anderson v. Mount Clemens Pottery Company.   328 US 680 (1946).

46.     Plaintiff is entitled to time and one-half of her regular hourly rate for each hour worked in excess of forty (40) hours per work week.

47.     As a direct result of Defendants' violation of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Section 207 and Section 216(b) of the FLSA, in addition with the damages associated with the loss of his Social Security and employer contributions to Social Security benefits.

48.     Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

**WHEREFORE**, Plaintiff, CARMELA BALTAZAR, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A.    Order Defendants to pay an award of damages to fully compensate Baltazar for overtime wages and other compensation to which he is entitled;

B.    Order Defendants to pay liquidated damages;

C.    Order Defendants to pay pre-judgment interest on all sums due Plaintiff;

D.    Order Defendants to pay compensatory damages allowable at law;

E.    Order Defendants to pay an award of attorney's fees pursuant to 29 USC § 216(b) and; grant such further relief as the court deems just, necessary, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all issues so triable.

**WHEREFORE**, the Plaintiff, CARMELA BALTAZAR, individually and as the class representative of others similarly situated, demands judgment for damages, including punitive damages, against the Defendants, JANKI HOSPITALITY, INC. and MUKUND D. PATEL, together with such other and further relief as this Honorable Court deems necessary and appropriate.

Dated this 3 of February, 2017.    TRAGOS, SARTES & TRAGOS, PLLC

/s/ Peter L. Tragos,_____
Peter L. Tragos, Esq.
601 Cleveland Street, Suite 800
Clearwater, Florida 33755
Phone: (727) 441-9030
Facsimile: (727) 441-9254
Florida Bar No: 0106744
petertragos@greeklaw.com
linda@greeklaw.com