UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.  8:17-cv-304T23TBM

CARMELA BALTAZAR, individually, and
as the class representative of others
similarly situated,

       Plaintiff,

vs.

JANKI HOSPITALITY INC.,
a domestic corporation, and

MUKUND D. PATEL,

       Defendants.

## SETTLEMENT AGREEMENT

This Settlement Agreement ("the Agreement") is by and between Carmela Baltazar ("Baltazar") and Janki Hospitality Inc. Inc. and Mukund Patel ("Janki").

WHEREAS, Baltazar has made various claims against Janki, including those raised in that certain complaint dated January 31, 2017; and

WHEREAS, Janki denies liability for any and all of Baltazar's claims, both filed and unfiled, asserted and unasserted; and

WHEREAS, Janki and Baltazar wish to end the dispute and settle and resolve any and all controversies between them amicably and expeditiously, including, but not limited to, the alleged unpaid wages and compensation as asserted in the claims up until the date the Agreement is signed.

1

THEREFORE, in consideration for the matters set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Janki and Baltazar agree as follows:

1.    <u>Recitals.</u> The foregoing recitals are true and correct and are incorporated herein by this reference.

2.    <u>Definitions.</u>

     A.    Baltazar – as used in this Agreement, "Baltazar" means Carmela Baltazar, as well as her representatives, heirs, successors, assigns, agents, and parties.

     B.    Janki – as used in this Agreement, "Janki" means Janki Hospitality, Inc. and Mukund Patel in his individual capacity, as well as any and all predecessors, successors, parent companies, affiliated, related or subsidiary business units or entities including, but not limited to, its joint ventures, fringe and employee benefit funds and plans, directors, officers, shareholders, members, employees, agents, insurers and attorneys of all of the above entities and their representatives, heirs, successors, assigns, agents and attorneys.

     C.    Parties – as used in this Agreement, "parties" means "Baltazar and Janki" as defined above.

3.    Baltazar hereby knowingly and voluntarily releases and forever discharges Janki, as well as Mukund Patel in his individual capacity, of and from any and all claims regarding wages, FLSA, and employment disputes up until and including the date of this Agreement. Baltazar releases and discharges Janki in exchange for the payment explained below and attests

2

that she is fully compensated for all wages due from Janki and that all claims associated with Janki have been settled in full.

     4.     <u>Payment Summary.</u>

         A.     If Baltazar delivers to Janki's counsel an executed original of this Agreement, and W-9 forms completed and executed by Baltazar and his counsel, then in consideration of the matter set forth herein Janki shall pay to Baltazar the total sum of $22,000.00 as described below.

            1.     The initial $22,000.00 shall be allocated as follows and paid within 5 days of Baltazar's execution hereof as follows:

- $6,250.00 made payable to Baltazar as and for unpaid wages and overtime allegedly due Baltazar which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to Baltazar.

- $6,250.00 made payable to Baltazar, as and for all other damages allegedly due Baltazar and in consideration for the general release of all claims contained herein, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to Baltazar.

- $9,500.00 made payable to Tragos, Sartes & Tragos, PLLC. (Tax ID No. 41-2241927) as attorney's fees and costs for which a separate IRS Form 1099 shall issue.

Baltazar is specifically aware of and agrees with the amounts being paid to her attorney for the work performed on her behalf.  Baltazar understands

and acknowledges that she would not receive the payments specified in this paragraph except for her execution of this Agreement, including the general release contained herein, and her fulfillment of the promise contained herein. Baltazar further acknowledges that because (i) she is recovering the full amount of the wages, overtime and liquidated damages she alleges are owed; and (ii) this settlement does not involve a compromise of her wage claim, court approval of this settlement is not required.

B.     The payment of the foregoing amounts shall constitute payment in full of any and all of Baltazar's claims for unpaid back wages and overtime, including liquidated, compensatory and punitive damages and attorney's fees and costs, that she has or may have from the beginning of time through the date of execution herein against Janki. Other than the amount to be paid under this Agreement, Baltazar agrees that she has been paid in full for all hours worked, and for amounts owed to her by Janki, and that she is owed no other payments or benefits from Janki.

C.     Should Baltazar bring any claims against Janki for any claim released herein, including a claim for wages, Baltazar agrees that the suit shall be immediately dismissed with prejudice and that she will be responsible for any and all attorney's fees and costs incurred by Janki as a result of Baltazar's attempt to bring claims for claims released herein.

5.     No Admission. Neither this Agreement nor the furnishings of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an

4

admission by Janki of any liability, unlawful conduct of any kind or violation by Janki of the laws identified in Paragraph 3 herein.

6.  Opportunity to Review.  Baltazar acknowledges that she is aware that she is giving up all claims she may have against Janki.  Baltazar acknowledges that she has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement.  In fact, Baltazar acknowledges that she has consulted with her attorney Peter L. Tragos and his paralegal Raquel for translation purposes, prior to executing this Agreement. Baltazar signed this agreement voluntarily.  Janki acknowledges that they are aware they are giving up all claims they may have against Baltazar. Janki acknowledges that they have been advised in writing to consult with an attorney and have had the opportunity to seek legal advice before executing this Agreement.  Janki signs this Agreement voluntarily.

7.  Waiver of Jury Trial.  Baltazar and Janki hereby knowingly and voluntarily and intentionally waive any right to a jury trial with respect to any claims arising in connection with the facts underlying Baltazar's claim and/or this Agreement.

8.  Severability.  Except as set forth below, should any provisions or a portion of a provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction such that it cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9.  Venue and Governing Law.  This Agreement shall be governed by the laws of the state of Florida without regard to its Conflict of Laws provisions.

5

10.    Entire Agreement.  This Agreement sets forth the entire Agreement between Baltazar and Janki and it supersedes any and all prior oral or written acknowledgements, understandings, representations or warranties between the parties.  Baltazar acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to sign this Agreement except those set forth in this Agreement.

11.    Non-Assignment.   Baltazar hereby awards that he has not assigned, sold, subrogated, transferred or conveyed to anyone any actions, cause of actions, claims or demands that he now has or ever had against Janki.

12.    Amendments.   This Agreement may not be amended, modified, altered or changed except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

13.    Execution and Counterparts.  This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be considered an original.   All the counterparts together shall constitute one and the same instrument.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND GENERAL RELEASE, THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT.  THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.   THE ONLY PROMISES OR

6

REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT CONSIDERATION AND BENEFITS SET FORTH ABOVE, BALTAZAR FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST THE RELEASEES AND FURTHER ACKNOWLEDGES THAT SHE HAS BEEN PAID IN FULL AND IS OWED NO OTHER COMPENSATION OR MONEY FROM JANKI EXCEPT THE AMOUNTS SET FORTH HEREIN.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

JANKI HOSPITALITY, INC.

DATE: 04-05-17

By:

Mukund Patel, on behalf of the corporation and individually

## STATE OF FLORIDA, COUNTY OF PINELLAS

### ATTESTATION

The foregoing instrument was acknowledged before me on the 5-th day of April, 2017 by Mukund Patel, on behalf of the corporation and individually who (is personally known to me) or (has produced FL Drivers License as identification).

Notary Public

Linda M. Gallagher
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG045518
Expires 11/7/2020

8

DATE: 4/6/17                          By: _Carmela Baltazar_
                                          Carmela Baltazar


## STATE OF FLORIDA, COUNTY OF PINELLAS

### ATTESTATION

The foregoing instrument was acknowledged before me on the ___6___ day of _April_,

2017 by Carmela Baltazar who (is personally known to me) or (has produced _____ as

identification).


_____
Notary Public


Linda M. Gallagher
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG045518
Expires 11/7/2020


9